UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**IDRICK THOMAS**                                   **CIVIL ACTION NO. 24-0852**

                                                              **SECTION P**

**VS.**

                                                    **JUDGE S. MAURICE HICKS, JR.**

**CADDO CORRECTIONAL**                **MAG. JUDGE KAYLA D. MCCLUSKY**
**CENTER, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Idrick Thomas, a prisoner at Caddo Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately June 25, 2024, under 42 U.S.C. § 1983. He names the following defendants: CCC, Deputy Jones, Sergeant Anderson, and Commander Farris.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff slipped and fell on a wet stairway while exiting the "shower area" at CCC on May 5, 2024. [doc. # 1-2, p. 1]. In an amended pleading, Plaintiff alleges that he was "going up the side steps not looking down [and] didn't notice" water on the steps. [doc. # 5, p. 1]. He claims that CCC "is in part responsible for [his] fall to the extent that [CCC] did not have a wet floor sign in place nor a person to give warning of the wet floor . . . ." *Id.*

Plaintiff states that Deputy Jones "was the officer working the housing unit at the time of the fall." After Plaintiff fell, Deputy Jones asked him if he needed medical attention. *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Deputy Jones "sent [him] to medical due to the fall." [doc. # 1, p. 3]. He was "given a prescription of 'one Tylenol' for 7 days and an x-ray of [his] hip." [doc. # 1-2, p. 1].

"After a day or so" Plaintiff's shoulder, back, and hip hurt. [doc. # 1-2, p. 1]. He "went back to medical later that day." [doc. # 5, p. 1]. He "was charged 15 dollars for an Emergency Sick Call[,]" and he was "charged 15 dollars again for making sick call for the matter from the slip and fall. [sic]." *Id.*

Plaintiff "wrote an A.R.P. to the CCC staff" about his fall, requesting "restitution" for the jail's alleged failure to warn of the slippery floor and failure to have rubber mats. [doc. # 1-2, p. 1]. Plaintiff claims that Commander Farris and Sergeant Anderson improperly denied his grievance, alleging that someone other than "medical" should have answered the grievance because it concerned negligence rather than lack of medical care. [doc. #s 1, p. 3; 1-2, p. 1]. He also claims that his grievance was "denied without an appeal." *Id.* at 2. He suggests that "the staff of CCC is trying to get around" answering his negligence allegations. *Id.* Farris and Anderson "never answered the grievance" and request for "restitution for pain and suffering." [doc. # 5, p. 1].

Plaintiff seeks a refund of his sick call payments and compensation for pain and suffering. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Negligence**

Plaintiff slipped and fell on a wet stairway while exiting the "shower area" at CCC on May 5, 2024. [doc. # 1-2, p. 1]. He claims that CCC "is in part responsible for [his] fall to the extent that [CCC] did not have a wet floor sign in place nor a person to give warning of the wet floor . . . ." [doc. # 5, p. 1].

To state a claim under Section 1983, a prisoner must allege a violation of a constitutional right. Allegations of negligence do not state claims of constitutional dimension. *Daniels v. Williams*, 474 U.S. 327, 336 (1986) (holding that the United States Constitution does not address injuries inflicted by governmental negligence); *Hernandez ex rel. Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (recognizing that plaintiffs must "demonstrate culpability beyond mere negligence or even gross negligence.").

Here, Plaintiff does not allege any facts indicating that a defendant knew he faced a substantial risk of serious harm or that a defendant was deliberately indifferent to such a risk.[3] Rather, Plaintiff suggests that a defendant should have utilized additional care. The actions/omissions, under Plaintiff's allegations, amount to no more than possible negligent

---

[3] To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent. *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

conduct.[4] If Plaintiff seeks to pursue a negligence claim, he should do so in state court. This Court should dismiss Plaintiff's claims.

### 3. Deputy Jones

Plaintiff states that Deputy Jones "was the officer working the housing unit at the time of the fall." After Plaintiff fell, Deputy Jones asked him if he needed medical attention. *Id.* Deputy Jones "sent [him] to medical due to the fall." [doc. # 1, p. 3]. He was "given a prescription of 'one Tylenol' for 7 days and an x-ray of [his] hip." [doc. # 1-2, p. 1].

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To reiterate, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Plaintiff's claim is impermissibly vague. He appears to allege that Deputy Jones arranged medical care for him after he fell. Plaintiff does not explain how the defendant's alleged action or omission violated federal law or his constitutional rights. Absent more, his allegation does not suggest unlawful activity. The Court should dismiss this claim.

### 4. Charged for Medical Treatment

"After a day or so" Plaintiff's shoulder, back, and hip hurt. [doc. # 1-2, p. 1]. He "went back to medical later that day." [doc. # 5, p. 1]. He "was charged 15 dollars for an Emergency

---

[4] *See Hernandez v. Bexar Cty. Sheriff's Dep't*, 770 F. App'x 703, 704 (5th Cir. 2019) (finding, where the plaintiff "generally asserted that officials negligently maintained the yard by allowing it to become slippery[,]" that the plaintiff "failed to assert that officials knew the recreation yard presented a substantial risk of serious harm and subjectively meant for harm to occur."); *Mack v. Johnson*, 48 F. App'x 105 (5th Cir. 2002) (concluding, where a prisoner slipped and fell in a puddle of water in his cell, that the prisoner alleged, "at most," negligence even though the defendants knew about the leak but failed to repair it).

6

Sick Call[,]" and he was "charged 15 dollars again for making sick call for the matter from the slip and fall. [sic]." *Id.*

"There is . . . no general constitutional right to free health care[,]" and "[c]harging inmates for medical care, furthermore, is not per se unconstitutional." *Breakiron v. Neal*, 166 F. Supp. 2d 1110, 1115 (N.D. Tex. 2001) (cited with approval by *Morris v. Livingston*, 739 F.3d 740, 749 (5th Cir. 2014) (reasoning that the plaintiff did not plead "facts to show that the health care services fee" he paid acted "as a functional denial of medical care . . . .")). "Inmates are not entitled to free medical care, and an inmate's displeasure at having to pay such co-payment does not present a constitutional claim." *Farrakhan v. Johnson*, 2009 WL 1360864, at *5 (E.D. Va. May 13, 2009) (unpublished) (cited with approval by *Morris*, 739 F.3d at 748). Here, Plaintiff does not claim that he was refused care because he could not pay; rather, he simply claims that he was charged. The Court should dismiss these claims.

**5. Denied and Unanswered Grievance**

Plaintiff "wrote an A.R.P. to the CCC staff" about his fall, requesting "restitution" for the jail's alleged failure to warn of the slippery floor and failure to have rubber mats. [doc. # 1-2, p. 1]. He claims that Commander Farris and Sergeant Anderson improperly denied his grievance, alleging that someone other than "medical" should have answered the grievance because it concerned negligence rather than lack of medical care. [doc. #s 1, p. 3; 1-2, p. 1]. He also claims that his grievance was "denied without an appeal." *Id.* at 2. He suggests that "the staff of CCC is trying to get around" answering his negligence allegations. *Id.* Farris and Anderson "never answered the grievance" and request for "restitution for pain and suffering." [doc. # 5, p. 1].

A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Idrick Thomas's negligence claims be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of August, 2024.

_Kayla De McClusky_
Kayla Dye McClusky
United States Magistrate Judge